Military pay; active duty pay; discharge; correction of military or nrnal records; Court of Claims, jurisdiction.— Plaintiff, a former officer in the Women’s Army Auxiliary Corps and now retired as an officer, sues to recover the difference between the active duty pay of a major with her length of service for the period October 19, 1959, to September 1, 1964, and the pay she received as an enlisted person from *896 January 14, 1960, to September 1, 1964. Plaintiff was relieved from active duty as an officer on October 19, 1959, following a series of events which resulted in the revocation of plaintiff’s indefinite service agreement. Plaintiff reenlisted in the WAC January 14, 1960, and served on active duty in various enlisted grades until her retirement in the grade of lieutenant colonel on September 1,1964, after more than 20 years of active Federal service. In 1960, while serving as an enlisted person, plaintiff sought reconsideration of her relief from active duty and also reinstatement as a major in the Army of the United States 'and was advised by the Adjutant General that her only recourse was through the Army Board for the Correction of Military Becords. Her application was denied in 1961 after a hearing, and reconsideration was denied in 1965. Plaintiff contends that her relief from active duty in 1959 was illegal and also that the action of the Correction Board was arbitrary, capricious and contrary to statute. Defendant moved to dismiss the petition on the ground that plaintiff’s claim is not within the jurisdiction of the court since it is based on 10 U.S.C. § 1552 authorizing the establishment of Correction Boards to correct military records, citing as authority for its position, Betty Friedman, et al. v. United States, 159 Ct. Cl. 1, 310 F. 2d 381 (1962), cert. den. 313 U.S. 932 (1963), and contending that the case relied on by plaintiff, Bertram J. Friedman v. United States, 141 Ct. Cl. 239, 158 F. Supp. 364 (1958), is inapposite since the claim in that case was founded on disability retirement statutes. Upon consideration of defendant’s motion to dismiss together with plaintiff’s opposition thereto and without oral argument, the court concluded that plaintiff’s action was for monetary relief based on allegations of an illegal discharge from active duty as a WAC officer, which action the court stated is within the jurisdiction of the court and that plaintiff’s claim that she was improperly released October 19,1959, and that such release was arbitrary, capricious, unsupported by the evidence and contrary to statute, states a cause of action. On May 2, 1966, the court ordered that defendant’s motion to dismiss the petition be denied and the case returned to the trial commissioner for further proceedings.